IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JANELLE STIMSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV O5-343-N-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **and ORDER** |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Currently before the Court for its consideration is the Petitioner's request for judicial review (docket # 1) of the Respondent's denial of social security disability benefits, filed August 24, 2005. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review and the answer, the parties' memorandums, and the administrative record, and finds that the Commissioner's determination must be reversed.

# I.

## Background.

**A.    Administrative Proceedings.**

Petitioner Janelle Stimson filed applications for a period of disability, disability insurance benefits, and supplemental security income on September 21, 1999.  She alleged disability since August 23, 1999.  (AR 125-27. )  The applications were denied initially on December 10, 1999 (AR 94-98), and upon reconsideration on January 19, 2000 (AR 101-106).  After a timely request for a hearing was filed on June 20, 2000, Petitioner, represented by counselor Louis Garbrecht, appeared and testified before Administrative Law Judge (ALJ) Richard Hines on November 16, 2000.  Deborah LaPoint testified as a vocational expert.  Dr. Arthur B. Craig testified as a medical expert.  Monte Stimson testified as a witness on behalf of the Petitioner. (AR 31-91.)

ALJ Hines considered the testimony and all other evidence of record and, on June 18, 2001, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits or supplemental security income.  (AR 15-24.)  This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on September 10, 2001.  (AR 5-6.)  20 C.F.R. §§ 404.981, 416.1481 (1991).  Petitioner exhausted all administrative remedies and sought  judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The matter thereafter came to this court before the Honorable Larry M. Boyle captioned as *Janelle Stimson v. Commissioner, Social Security Administration*, Case No. CV 01-505-N-LMB.  On January 9, 2003, Judge Boyle issued a Memorandum Decision and Order (docket

# 16), stating that it was not clear from ALJ Hines' decision "whether he properly rejected Petitioner's credibility regarding the severity of her symptoms." (AR 465.) Judge Boyle found that ALJ HInes failed to stated "clear and convincing reasons" for rejecting the Petitioner's credibility, nor did he state which symptom testimony was not credible or which facts in the record lead to that conclusion, relying on *Smolen v. Chater*, 80 F.3d at 1284. (AR 465.) Based on this, Judge Boyle remanded the matter for limited further proceedings. (AR 465-66.)

**B.     Statement of Facts.**

At the time of the first hearing before the ALJ in 2000, Petitioner was 54 years old. She has a bachelor's degree in education and past relevant work experience as a buyer/shipper, sonic inserter, quality assurance inspector, newspaper carrier, clerk, bookkeeper, and teacher. Petitioner alleged disability beginning on August 23, 1999, due to asthma, MELAS (mitochondrial myopothy, encephalmyopothy, lactic acidosis, and stroke-like syndrome), right shoulder impairment, cognitive disorder, obesity, sleep disturbance disorder, speech impairment, left hand impairment, migraine headaches, vision impairment, and depression. MELAS is a progressive form of dementia that eventually results in death. Several of the Petitioner's other symptoms stem from the MELAS.

## II.

### Findings of the Administrative Law Judge.

After the matter was remanded for further proceedings consistent with Judge Boyle's Memorandum Decision and Order, ALJ Hines held a second hearing on November 14, 2003. (AR 606-31.) On January 30, 2004, ALJ Hines issued a second decision (AR440-53) and made specific findings as follows:

1.   The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act, through December 31, 2003.

2.   The claimant has not engaged in substantial gainful activity since her alleged onset date of August, 1999.

3.   The medical evidence establishes that the claimant has the following severe impairment condition:  MELAS syndrome (mitochondrial encephalopathy, lactic acidosis, and stroke-like episodes).  And more recently, diagnoses of hypertension, hyperlipidemia, and asthma have been indicated.

4.   The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

5.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision prior to June, 2003.

6.   The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments.

7.   Prior to June, 2003, the claimant retained a sedentary level functional capacity; sedentary work generally involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like files, ledgers, and small tools.  Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

8.   Based on a functional capacity sedentary level work activities prior to June, 2003, the claimant retained the capacity to return to past work activities.

9.   In June, 2003, the claimant was 56 years old.

10.   The claimant has more than a high school education.

11.   The claimant had a history of skilled/semi-skilled work activity, but due to impairment limitations, does not have any transferable work skills.

12.  As of June 1, 2003, the claimant's disability was being endorsed by treating source opinion evidence.

13.  The finding of disability as of June, 2003, is reached within the framework of Medical-Vocational Guidelines; as well as SSR 96-2p (medical source opinion evidence), and SSR 96-8p (the claimant's residual functional capacity).

14.  The claimant has been under a disability, as defined in the Social Security Act, since June 1, 2003, but not before that date (20 C.F.R. § § 404.1520(f) and 416.920(f)).

(AR 452-53.)

### III.

### Judge Boyle's Instructions on Remand.

As previously stated, Judge Boyle found that ALJ Hines, in his first decision (AR 15-24), failed to stated "clear and convincing reasons" for rejecting the petitioner's credibility, nor did he state which symptom testimony was not credible or which facts in the record lead to that conclusion, relying on *Smolen v. Chater*, 80 F.3d at 1284.  (AR 465.)  Based on this, Judge Boyle remanded the matter "so that the ALJ may properly evaluate Petitioner's credibility" and for the "limited purpose of allowing the ALJ to provide specific findings and state clear and convincing reasons as to why Petitioner's symptom testimony is not fully credible."  (AR 465-66.)

On remand, the ALJ's review went far beyond the scope of the limited purpose of the remand and instead focused on the Petitioner's medical status from June, 2003, forward.  In fact, the ALJ did not re-evaluate the Petitioner's credibility at all.  The ALJ's review led to a "partially favorable finding" based on his review of the most recent medical reports and a

finding of disability was made with an onset date of June, 2003 forward. Benefits were denied between Petitioner's original alleged onset date of August, 1999, and June, 2003.

## IV.

### Issues Raised.

The primary issue before the Court is whether the decision on remand is supported by substantial evidence and whether it is based on proper legal standards. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Petitioner contends that the ALJ made numerous errors in finding that the disability had an onset date of June, 2003. The Petitioner asserts, in a nutshell, that the errors stem from the ALJ's failure to revisit the issue of her credibility and for failing to take into account the extent of Petitioner's impairments and their impact.

1.      **The ALJ's evaluation of Petitioner's credibility on remand.**

The Ninth Circuit held that, "the ALJ may reject the claimant's testimony regarding the severity of [his/her] symptoms only if he makes specific finding stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Further, the Ninth Circuit held that the ALJ must make a credibility determination with findings sufficiently specific to permit a court to conclude that the ALJ did not arbitrarily discredit a petitioner's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2001). Where the ALJ provides clear and convincing reasons for rejecting a claimant's credibility, the finding should be upheld. *Fair v. Bowen*, 885 F.2d 597, 609 (9th Cir. 1989).

Judge Boyle took issue with ALJ Hines's finding that the Petitioner lacked credibility in the ALJ's first decision because "absent from the ALJ's decision is a discussion which includes 'specific findings stating clear and convincing reasons' for rejecting Petitioner's credibility," citing *Smolen*, 80 F.3d at 1284. (AR 465.)

In his decision on remand, ALJ Hines states that the District Court acknowledged that the ALJ's first decision "provided sufficient reasons for how the claimant retained the functional capacity to perform her past work." (AR 449.) The ALJ states that the "itemized activities and admitted treatment relief were specifically cited - . . . ," in the first decision with regard to Petitioner's functional capacity to perform her past work. (AR 449 at ¶ 6.) ALJ Hines goes on to state that:

> The undersigned would like to therefore, point out that for the very reason that these itemized activities and admitted treatment relief were the reasons provided for why the claimant retained the functional capacity sufficient to perform her past work, also provided the same justification reasons for finding the claimant's subjective allegations of 'total' disability not fully credible prior to June 2003.
>
> In sum, the undersigned finds that while the claimant has been diagnosed and treated for her impairment complaints, the evidence does not support a finding that the claimant was disabled from all work activities prior to June 2003. And the undersigned finds that the evidence of record does not otherwise support the degree of limitation currently being indicated/asserted by the claimant for disability purposes prior to June 2003.

(AR 449 at ¶ 7 - 450 at ¶ 1.)

ALJ Hines's assessment of the Petitioner's credibility on the second go-around is not any better than the first, despite Judge Boyle's instructions. The ALJ only makes conclusory statements, relies on statements made in his first report in connection with the Petitioner's

residual functional capacity, and finds that the evidence of record does not support the degree of limitation she asserts. However, what the ALJ still lacks is any reference to the record as to what facts lead to those conclusions or any 'specific findings stating clear and convincing reasons' for rejecting Petitioner's credibility,"

**2.      The ALJ's onset date of June, 2003, versus the Petitioner's original onset date of August, 1999.**

On remand, the ALJ concluded that the Petitioner's medical impairments, when assessed in terms of residual functional capacity, led to a finding of disability with an onset date of June 1, 2003. The ALJ determined that the Petitioner was disabled because the "disability was being endorsed by treating source opinion evidence." (AR 451.) The issue here, however, is why the ALJ established June, 2003, as the onset date for the Petitioner's disability as opposed to the date alleged in her application of August, 1999.

The ALJ stated that the reason for establishing June, 2003, as the onset date of disability, and not any earlier, was because prior to that he had determined that the Petitioner maintained the capacity to return to work and that there was no medical endorsement of disability prior to then.

There are several discrepancies in the second decision which do not support the ALJ's finding of the June, 2003 onset date, as opposed to the original December, 1999, onset date.

First, in the second decision, the ALJ stated that the Petitioner's only severe impairment was her MELAS. This is contradicted by the ALJ's prior findings that the Petitioner's asthma, chronic obstructive pulmonary disease, obesity, diabetes, and cardiovascular disease were also severe impairments, and the ALJ should be bound by his prior findings.

**Memorandum Decision and Order - Page 8**

Next, although the ALJ stated in the second decision that, up until June, 2003, the Petitioner was still capable of returning to some form of employment, he failed to identify what that would be, and he failed to call a vocational expert at the second hearing . The burden is on the Commissioner to establish what employment the Petitioner would be capable of performing given her residual functional capacity up to June, 2003.

In addition, although the ALJ states that Dr. Britt's letter of November, 2003, is the first medical endorsement that he had of the Petitioner's disability, the language of the letter indicates that the Petitioner's disability is due to MELAS, which the medical evidence of record demonstrates she has had since 1992 at least, and therefore, it can be inferred that the Petitioner's disability has been ongoing for a long period of time and did not have a sharp start date of November, 2003. The Court also notes that the ALJ relies on having a "medical endorsement" to establish the onset date of disability as June, 2003, however, Dr. Britt's letter is dated in November, 2003. (AR 605.)

Finally, a further indication that June, 2003, is an arbitrarily assigned onset date by the ALJ is demonstrated through a comparison of the medical records between 1999 and 2002, with records starting in 2003 on, as well as a comparison of the Petitioner's testimony at the first hearing before the ALJ on November 16, 2000, and the second hearing before the ALJ on November 14, 2003. The medical records show that Petitioner was receiving constant, regular medical care for the same symptoms during the entire period from the same treatment providers. She was taking the same medications because she suffered the same physical complaints. Petitioner's testimony on both occasions is also similar as to her daily activities and the limitations on her lifestyle generally due to the symptoms caused by MELAS.

The ALJ's assertion that prior to June, 2003, the Petitioner maintained the capacity to return to work is not supported by substantial evidence in the record, nor was it established by a vocational expert's testimony at the second hearing. (AR 450-51.) Therefore, the ALJ's finding in this regard is arbitrary and must be disregarded. The ALJ's finding that the Petitioner is disabled must be established with the Petitioner's original alleged onset date of August, 1999.

## V.

### Conclusion.

Based on its review of the entire record, the Court finds that the Commissioner's second decision is not supported by substantial evidence and is the product of legal error as to the finding that Petitioner's onset date for the finding of disability was June, 2003. The onset date for her period of disability is the original date asserted in her application of August, 1999. Therefore, the Commissioner's decision  is reversed.

### ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's second decision finding that Petitioner's onset date for the finding of disability was June, 2003, is REVERSED. The onset date for her period of disability is the original date asserted in her application of August, 1999. Therefore, the Commissioner's decision  is REMANDED for a determination of the payment of benefits due between August, 1999, and June, 2003.



DATED: **September 30, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge

**Memorandum Decision and Order – Page 11**